Roscoe V. Elsworth, J.
In this article 78 proceeding petitioners seek to review a resolution of the Zoning Board of Appeals allowing Fleahman-Rice Enterprises, Inc., to construct an automatic car wash in the Town of Bethlehem. Subsidiary motions of petitioners to amend their petition and of FleahmanRice Enterprises, Inc., to intervene are granted. The motion of respondents to strike paragraphs 5 and 6 from the petition as irrelevant and paragraphs 18 and 19 as argumentative is granted. The motion to strike paragraphs 7 and 8 is denied. Exhibits B, C, D and E attached to the petition are stricken on respondents’ motion.
Permission for the car wash was granted as a special exception pursuant to article XVIII of the Zoning Ordinance which allows the Board of Appeals to permit in any district any modification of limitation as to use, when in its judgment the public convenience and welfare shall be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured. The ordinance itself divides the Town of Bethlehem into various districts including residence districts of varying restrictions, business districts, industrial districts and rural districts, some of the latter of which are zoned and some unzoned. Most of the lands for which permission was sought for the car wash are. in a business district, but a small part are in a residential district. The building itself and the blacktop would be located entirely in the business zone.
*1073 The premises in question constitute an “ L ’’-shaped plot around an existing and operating gas station located between the proposed site and Delaware Avenue. Delaware Avenue in the vicinity is a four-lane divided highway. Immediately adjacent are buildings used for offices, various businesses and a bowling alley. Across the street on Delaware Avenue is the Delaware Shopping Plaza, consisting of a Grand Union Super Market, a Woolworth Five and Ten Cent Store, a stationery store, a hardware store, a bar and restaurant, clothing store and other businesses. However, to the rear of the proposed site are homes and a residential area. Indeed, it appears that the present controversy has been engendered at least in part by the fact that a business district abuts and bounds upon a residential area. Problems do arise from such geography, and under zoning it is somewhat difficult to strike a balance between and harmonize the viewpoints of neighbors in two different types of districts which adjoin each other. The Board of Appeals attempted to reconcile the conflicting interests by imposing some 14 conditions on the use of the car wash, including the planting of an evergreen hedge, the seeding of lawn, the place of parking, the restricting of advertising signs.
The Zoning Ordinance of the Town of Bethlehem narrowly confines the uses in a business district to the following: store, office, bank, studio, theatre or motion picture house, restaurant or lunchroom, mortuary or undertaking parlor, bathhouses, boathouses, broadcasting station, motor vehicle salesroom with service and repair in the rear, printing plant, aviation field or airport, cemetery, dock, wharf, shipyard, boat repair yard, boat storage, net storage, shop for making articles sold at retail on the premises, bowling alleys and commercial recreation buildings. Certain other uses such as a gasoline station cannot be had in any zone without a special permit. Many other uses are specifically prohibited in any part of the town by the last subdivision of article V of the Zoning Ordinance. A car wash is not mentioned at all in the ordinance and is neither a permitted nor a prohibited use.
Petitioners argue that the Zoning Board of Appeals has no power to approve a use not permitted under the ordinance and if paragraph 8 of article XVIII of the Zoning Ordinance gives such power it is unconstitutional. This court cannot agree with either contention. The language of the ordinance expressly permits a modification as to use. A modification of use sanctions an alteration of use. Here the modification to allow a car wash on lands which are substantially all in a business district with *1074 business properties in the immediate vicinity is entirely reasonable. A modification of use encompasses a reasonable use closely akin to a permissible use. Paragraph 8 of article XVIII of the Zoning Ordinance allows for the necessary flexibility to meet changing conditions and the development of new uses. In the early days of the automobile age the car owner found washing his car to be a pleasant and rewarding chore. Gradually gasoline stations and garages came to take over when the task lost its novelty and to many became burdensome. The existing gas station adjacent to the premises in question could engage in the car washing business, since such is an integral part of the uses of a gas station. In recent years automation has resulted in car washes as independent entities. Within the framework of its specified power to modify uses, the board has the authority to permit such a reasonable and analogous use that has so developed.
The power to modify cannot here be construed as an unlawful delegation of legislative power since the ordinance specifies as standards for its exercise a finding that (1) public convenience and welfare shall be substantially served and (2) that the appropriate use of a neighboring property will not be substantially or permanently injured.
Nor can the determination here of the Board of Appeals be found to be arbitrary and capricious. There was sufficient evidence of the serving of public convenience and the lack of injury to neighboring properties. The evidence to the contrary created a question of fact, but the resolution of such question cannot be disturbed by this court since justification for the determination arrived at may be found in the record.
Accordingly, the petition is dismissed.